Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




**MEMORANDUM OPINION**

No. 04-11-00837-CV

**IN THE INTEREST OF G.P.C.** and A.J.C., Jr., Children

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-PA-00639
Honorable Olin B. Strauss, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  April 18, 2012

AFFIRMED

The sole issue presented in this appeal is whether the evidence is factually sufficient to support the jury's finding that termination of appellant's parental rights was in the best interests of the children.  We affirm the trial court's order.

"Proceedings to terminate parental rights under the [Texas] Family Code require proof by clear and convincing evidence."  *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009); TEX. FAM. CODE ANN. § 161.001 (West Supp. 2011).  "[T]he appellate standard for reviewing termination findings is whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations."  *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002).  "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have

credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).

In reviewing the sufficiency of the evidence to support the best interest finding, we apply the factors set out in *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Those factors include: (1) the desire of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the plans held by the individual seeking custody for the child; (6) the stability of the home of the parent; (7) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (8) any excuse for the acts or omissions of the parent. *Id.* The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of the [factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d at 27.

At the time of trial in September of 2011, G.P.C was five and A.J.C., Jr. was four. The appellant, A.C., who is the children's father, was in prison for murdering an ex-boyfriend of the children's mother, J.W., in 2007. Prior to the murder, J.W. testified that A.C. had been in jail for two prior theft charges; however, she denied knowing that he also had been in jail on an additional theft charge, an assault charge, and a criminal trespass charge. J.W. testified that A.C. was a caring and helpful father before he was incarcerated, and he sent the children weekly letters and cards from prison. J.W. agreed, however, termination of A.C.'s rights would be in the children's best interests so that the children could be adopted and have a stable home with the family where they had been placed.

A.C. testified that he was sentenced on December 11, 2008, to seven years in prison for the murder. A.C.'s release date was set for August 14, 2014. A.C. was denied parole in 2010, and his next parole hearing was set for August of 2012. A.C. admitted that he had disciplinary reports while in prison and recognized the fifteen incident reports against him; however, A.C. testified that all except three of the reports were false because he did not engage in the reported behavior.

Chance Reilly, an ongoing case worker for the Department, testified that termination of A.C.'s parental rights was in the children's best interests because the Department would be unable to pursue adoption or any kind of permanency for the children absent termination. Reilly testified that A.C.'s actions prevented him from being able to provide a safe and stable environment for the children.

From the evidence presented, the jury could form a firm belief that the children had no relationship with A.C. apart from the letters and cards he sent. At the time A.C. was incarcerated, G.P.C. was a year and a half old, and A.J.C., Jr. had not been born. Because he was incarcerated, A.C. was unable to provide for the present emotional and physical needs of the children. A.C. would continue to be unable to provide for the children until released from prison, and he could remain in prison for another three years. On the other hand, the family with whom the children had been placed provided a safe and stable home and wanted to adopt the children. Having reviewed all of the evidence, we conclude that the evidence is such that a factfinder could reasonably form a firm belief or conviction that the termination of A.C.'s parental rights was in the best interest of the children. *See In re C.H.*, 89 S.W.3d at 25.

The trial court's order is affirmed.

Catherine Stone, Chief Justice